UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JONATHAN WILLIAMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VENTURE LOGISTICS, ) <br> ) <br> Defendant. ) | No. 1:25-cv-00065-JPH-MG |

**ORDER**

**I.**
**Granting *in forma pauperis* status**

Mr. Williams' motion to proceed *in forma pauperis* is **GRANTED**.  Dkt. [2]; *see* 28 U.S.C. § 1915(a).  While *in forma pauperis* status allows Mr. Williams to proceed without prepaying the filing fee, he remains liable for the full fees. *Rosas v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees.").  No payment is due at this time.

**II.**
**Screening**

**A. Screening standard**

The Court has the inherent authority to screen Mr. Williams' complaint. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").  The Court may dismiss claims within a

complaint that fail to state a claim upon which relief may be granted. *See id.* In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## B. The Complaint

Mr. Williams alleges that Defendant Venture Logistics discriminated against him, retaliated against him, and subjected him to a hostile environment. Dkt. 1 at 4. He alleges that when he reached out to Venture Logistics' human resources department about these issues, he was laid off "even though there is plenty of work." *Id.* He alleges that this was a wrongful termination. *Id.* Finally, he alleges that he was paid "lower than other employees for the same job, made to work in unsafe conditions," and was not paid his signing or referral bonuses. *Id.* He is suing Venture Logistics for monetary damages. *Id.*

The Court understands this action as brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Title VII makes it unlawful for employers to "discharge any individual, or otherwise to discriminate against any individual" because of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). To plead a Title VII claim, Mr. Williams must allege "(1) who discriminated against [him]; (2) the type of discrimination that occurred; and (3) when the discrimination took place." *McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011).

Here, Mr. Williams does not explain what type of discrimination occurred. He must allege the Title VII class—race, color, religion, sex, or national origin—on which he was discriminated against, but his complaint does not. Thus, his complaint fails to state a claim under Title VII.

Mr. Williams' complaint therefore must be dismissed for the reasons in this order. He shall have **through February 28, 2025** to file an amended complaint. Because an amended complaint completely replaces previous pleadings, it must be a complete statement of his claims. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). The **clerk is directed** to send a form employment discrimination complaint with Mr. Williams' copy of the order.

**SO ORDERED**.

Date: 1/15/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JONATHAN WILLIAMS
2255 W. 67th St.
Indianapolis, IN 46260